# DURABLE POWER OF ATTORNEY
# OF
# GOLAN BARAK

Prepared by:
Joseph Weinroth, Esquire
5621 Marlborough Road
Pittsburgh, PA 15217
412-973-7653

# NOTICE

THE PURPOSE OF THIS POWER OF ATTORNEY (POA) IS TO GIVE THE PERSON YOU DESIGNATE (YOUR "AGENT") BROAD POWERS TO HANDLE YOUR PROPERTY, WHICH MAY INCLUDE POWERS TO SELL OR OTHERWISE DISPOSE OF ANY REAL OR PERSONAL PROPERTY WITHOUT ADVANCE NOTICE TO YOU OR APPROVAL BY YOU.

THIS POWER OF ATTORNEY DOES NOT IMPOSE A DUTY ON YOUR AGENT TO EXERCISE GRANTED POWERS, BUT WHEN POWERS ARE EXERCISED, YOUR AGENT MUST USE DUE CARE TO ACT FOR YOUR BENEFIT AND IN ACCORDANCE WITH THIS POWER OF ATTORNEY.

YOUR AGENT MAY EXERCISE THE POWERS GIVEN HERE THROUGHOUT YOUR LIFETIME, EVEN AFTER YOU BECOME INCAPACITATED, UNLESS YOU EXPRESSLY LIMIT THE DURATION OF THESE POWERS OR YOU REVOKE THESE POWERS OR A COURT ACTING ON YOUR BEHALF TERMINATES YOUR AGENT'S AUTHORITY.

YOUR AGENT MUST ACT IN ACCORDANCE WITH YOUR REASONABLE EXPECTATIONS TO THE EXTENT ACTUALLY KNOWN BY YOUR AGENT AND, OTHERWISE, IN YOUR BEST INTEREST, ACT IN GOOD FAITH AND ACT ONLY WITHIN THE SCOPE OF AUTHORITY GRANTED BY YOU IN THE POWER OF ATTORNEY.

THE LAW PERMITS YOU, IF YOU CHOOSE, TO GRANT BROAD AUTHORITY TO AN AGENT UNDER POWER OF ATTORNEY, INCLUDING THE ABILITY TO GIVE AWAY ALL OF YOUR PROPERTY WHILE YOU ARE ALIVE OR TO SUBSTANTIALLY CHANGE HOW YOUR PROPERTY IS DISTRIBUTED AT YOUR DEATH. BEFORE SIGNING THIS DOCUMENT, YOU SHOULD SEEK THE ADVICE OF AN ATTORNEY AT LAW TO MAKE SURE YOU UNDERSTAND IT.

A COURT CAN TAKE AWAY THE POWERS OF YOUR AGENT IF IT FINDS YOUR AGENT IS NOT ACTING PROPERLY.

THE POWERS AND DUTIES OF AN AGENT UNDER A POWER OF ATTORNEY ARE EXPLAINED MORE FULLY IN 20 PA.C.S. CH. 56.

IF THERE IS ANYTHING ABOUT THIS FORM THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER OF YOUR OWN CHOOSING TO EXPLAIN IT TO YOU.

I HAVE READ OR HAD EXPLAINED TO ME THIS NOTICE AND I UNDERSTAND ITS CONTENTS.

_____       _____
(Principal)                     1/15/2018 (Date)

# DURABLE POWER OF ATTORNEY
# OF
# GOLAN BARAK

## ARTICLE I
## INTRODUCTION

**Introductory Provision.** I, GOLAN BARAK, as principal (the "Principal") have this day appointed my wife, LINDA GORDON, to serve as my agent ("Agent") and to exercise the powers and discretions set forth below.

**No Person Under Age 18 May Serve as Agent.** Notwithstanding any provision herein to the contrary, no person named as Agent herein may serve until such person has attained the age of Eighteen (18).

**Statement of Intent to Create Durable Power of Attorney Under State Statute.** By this instrument I intend to create a Durable Power of Attorney under Pennsylvania law.

**Agent Authorization.** All persons named as Agents or Alternate Agents herein, who have succeeded to the office of Agent, are granted the powers and discretions described in the following provisions.

**Delegation of All Powers Lawful to Delegate.** I herewith delegate to my Agent each and every power that I may lawfully delegate, subject only to those limitations specifically set forth in this instrument.

## ARTICLE II
## ASSET POWERS

**Introduction.** My Agent is authorized in my Agent's sole and absolute discretion from time to time and at any time, with respect to any and all of my property and interests in property, real, personal, intangible and mixed, as follows:

(1) **Power to Sell.** My Agent is authorized to sell any and every kind of property that I may own now or hereafter acquire, real, personal, intangible and/or mixed, on such terms and conditions and security as my Agent shall deem appropriate and to grant options with respect to sales thereof, execute and deliver contracts, deeds, conveyances, and titles.

(2) **Power to Buy.** My Agent is authorized to buy every kind of property, real, personal, intangible and/or mixed, on such terms and conditions as my Agent shall deem

appropriate, enter into contracts for the purchase of real property, and execute and deliver all documents necessary to complete the acquisition of real property on my behalf.

(3) **Power to Invest.** My Agent is authorized to invest and reinvest all or any part of my property in any property or interests, including undivided interests, in property, real, personal, intangible and/or mixed, wherever located.

(4) **Power to Purchase, Sell and Manage Real Property.** With respect to real property, including but not limited to any real property I may hereafter acquire or receive and my personal residence, my Agent is authorized to purchase, acquire, sell, convey, lease, sublease, release; to eject and remove tenants or other persons. My Agent is authorized to mortgage and/or convey by deed of trust or otherwise encumber any real property now or hereafter owned by me, whether acquired by me or for me by my Agent.

(5) **Power to Exercise Rights in Securities.** My Agent is authorized to exercise all rights with respect to corporate securities which I now own or may hereafter acquire.

(6) **Power to Demand and Receive.** My Agent is authorized to demand, arbitrate, settle, sue for, collect, receive, deposit, expend for my benefit, reinvest or make such other appropriate disposition of as my Agent deems appropriate, all cash, rights to the payment of cash, property, real, personal, intangible and/or mixed, debts, dues rights, accounts, legacies, bequests, devises, dividends, annuities, rights and/or benefits to which I am now or may in the future become entitled.

(7) **Power to Exercise Elective Share Rights.** My Agent is authorized to elect to take against any will and conveyances of my deceased spouse and/or any other person, if appropriate, and to retain any property which I have the right to elect to retain, as my Agent deems appropriate.

(8) **Power With Respect to Employment Benefits.** My Agent is authorized to create and contribute to an employee benefit plan for my benefit; to elect my retirement; to select any payment option; to make voluntary contributions; to make "roll-overs" of plan benefits into other retirement plans; to apply for and receive payments and benefits; to waive rights given to non-employee spouses under state or federal law; to borrow money and purchase assets from such plans; to make and change beneficiary designations; and to consent and/or waive consent in connection with the designation of beneficiaries.

(9) **Power With Respect to Bank Accounts.** My Agent is authorized to establish accounts of all kinds, including checking and savings, for me with financial institutions of any kind, including but not limited to banks and thrift institutions; to make deposits to and write checks on or make withdrawals from and grant security interests in all accounts in my name or with respect to which I am an authorized signatory; to negotiate, endorse or transfer any checks or other instruments with respect to any such accounts; and to contract for any services rendered by any bank or financial institution.

(10) **Power With Respect to Safe-Deposit Boxes.** My Agent is authorized to contract with any institution for the maintenance of a safe-deposit box; to have access to all safe-deposit boxes in my name or with respect to which I am a signatory; to add to and remove from the contents of any such safe deposit box; and to terminate box leases.

(11) **Power With Respect to Legal and Other Actions.** My Agent is authorized to institute, supervise, prosecute, defend, intervene in, abandon, compromise, arbitrate, settle, dismiss, and appeal from any and all legal, equitable, judicial or administrative hearings, actions, suits, proceedings, attachments, arrests or distresses, involving me in any way.

(12) **Power to Borrow Money.** My Agent is authorized to borrow money from any lender for my account on such terms and conditions and security as my Agent shall deem appropriate; and to borrow money on any life insurance policies owned by me on my life.

(13) **Power to Create, Fund, Amend, and Terminate Trusts.** My Agent is authorized to execute, amend, fund, withdraw, and terminate a revocable trust agreement with such trustee or trustees as my Agent shall select, which trust shall provide that all income and principal shall be paid to me, to some person for my benefit or applied for my benefit in such amounts as I or my Agent shall request or as the trustee or trustees shall determine, and that on my death any remaining income and principal shall be paid to my personal representative.

(14) **Power to Fund Trusts Created by the Principal.** My Agent is authorized to transfer from time to time and at any time to the trustee or trustees of any revocable trust agreement created by me before or after the execution of this instrument any and all of my cash, real or personal property of all kinds, or interests in property.

(15) **Power to Withdraw Funds From Trusts.** My Agent is authorized to request, withdraw, and/or receive the income or corpus of any trust over which I may have a right of withdrawal and to exercise or let lapse any power of withdrawal.

(16) **Power to Renounce and Resign From Fiduciary Positions.** My Agent is authorized to renounce any fiduciary position to which I have been or may be appointed or elected, and any office or position to which I have been or may be elected or appointed; to resign any such positions; to file an accounting with a court of competent jurisdiction or settle on an informal method as my Agent shall deem appropriate.

(17) **Power to Disclaim, Renounce, Release, or Abandon Property Interests.** My Agent is authorized to renounce, disclaim, release, or abandon any property or interest in property or powers to which for any reason and by any means I may become entitled, whether by gift, testate or intestate succession, including the right to alter, amend, revoke, or terminate, and to exercise any right to claim an elective share in any estate or under any will.

(18) **Power With Respect to Insurance.** My Agent is authorized to purchase, maintain, surrender, collect, or cancel life insurance or annuities, hospital insurance, medical insurance, Medicare supplement insurance, custodial care insurance, and disability income insurance for me or any of my dependents, and liability insurance on assets of mine against loss or damage.

(19) **Power With Respect to Taxes.** My Agent is authorized to represent me in all tax matters; to prepare, sign, and file federal, state, and/or local income, gift and other tax returns of all kinds, and any power of attorney form appointing an agent required by the Internal Revenue Service and/or any state and/or local taxing authority.

(20) **Power to Oversee Qualified State Tuition Plans.** My Agent is authorized to create, fund, modify, and terminate one or more qualified state tuition plans created under section 529 of the Internal Revenue Code.

(21) **Power to Make Gifts.** My Agent is authorized to make gifts or other transfers without consideration either outright or in trust (including the forgiveness of indebtedness and the completion of any charitable pledges I may have made) to such person or organization as my Agent shall select; to consent to the splitting of gifts under Section 2513 of the Internal Revenue Code; to pay any gift tax that may arise by reason of such gift. PROVIDED, however, that if this Power of Attorney shall permit an Agent to make gifts to a group of individuals, which includes the Agent, the amount of such gift to the Agent shall be limited to the greater of Five Thousand Dollars ($5,000.00) or Five Percent (5%) of the aggregate value of the Principal's assets effected by this Power of Attorney as of the date of the gift.

(22) **Power to Provide Support to Others.** My Agent is authorized to support and/or continue to support any person whom I have undertaken to support or to whom I may owe an obligation of support, in the same manner and in accordance with the same standard of living as I may have provided in the past; provided, however, that if at any time that my Agent shall act under this clause I am legally separated or divorced from my spouse, any support provided to such spouse by my Agent shall be limited to such support as may be required by law.

(23) **Power to Make Loans.** My Agent is authorized to lend, renew or extend money and property at such interest rate, if any, and on such terms and conditions, and with such security, if any, as my Agent may deem appropriate.

## ARTICLE III
## CARE AND CONTROL OF THE PERSON

**Introduction.** My Agent is authorized in my Agent's sole and absolute discretion from time to time and at any time, with respect to the control and management of my person, as follows:

(1) **Power to Provide for Principal's Support.** My Agent is authorized to do all acts necessary for maintaining my customary standard of living, to provide a place of residence, to provide normal domestic help, and to provide clothing, transportation, medicine, food, health care, custodial care, and incidentals, as my Agent shall deem appropriate.

(2) **Power to Provide for Personal Care.** My Agent may make all decisions related to my personal care, including but not limited to, providing for my food and clothing, transportation, recreation, entertainment, and other activities of daily life.

(3) **Power to Provide for Recreation and Travel.** To provide opportunities for me to engage in recreational and sports activities, including travel, as my health permits.

(4) **Power to Provide for Spiritual or Religious Needs.** My Agent is authorized to provide for the presence of religious clergy, and to maintain my memberships in religious organizations.

(5) **Power to Provide for Companionship.** To provide for such companionship for me as will meet my needs and preferences at a time when I am disabled or otherwise unable to arrange for such companionship myself.

(6) **Power to Make Advance Funeral Arrangements.** To make advance arrangements for my funeral and burial, including the purchase of a burial plot and marker, and such other related arrangements as my Agent shall deem appropriate, if I have not previously done so myself.

(7) **Power to Make Anatomical Gifts Effective at Death.** To make anatomical gifts of any of my organs, tissues, or body parts which will take effect at my death to such persons and organizations as my Agent shall deem appropriate and to execute such papers and do such acts as shall be necessary or appropriate.

(8) **Power to Change Domicile.** My Agent is authorized to establish a new residency or domicile for me, as my Agent shall deem appropriate.

(9) **Designation of Agent as HIPAA Personal Representative.** This Durable Power of Attorney authorizes my Agent to act on my behalf pertaining to me and my property. Some of these decisions also deal with decisions that relate to my health and health care matters. I therefore grant and confirm that my Agent also shall be treated as a "personal representative" under the Health Insurance Portability and Accountability Act of 1996 and its regulations (including 45 C.F.R. § 164.502(g)(2)) for all purposes relating to my "protected health information." My Agent is authorized to request and receive all "protected health information" and all other types of my medical records and information from my doctors, hospitals, and any other medical facility or provider.

## ARTICLE IV

## INCIDENTAL POWERS

In connection with the exercise of the powers herein described, my Agent is fully authorized and empowered to perform any acts and things and to execute and deliver any documents, instruments, affidavits, certificates and papers necessary or appropriate to such exercise or exercises.

a declaratory judgment, mandatory injunction, or suit for damages from any court of competent jurisdiction.

(2) **Hire and Fire any Personnel.** My Agent is Authorized to employ, compensate, and discharge such domestic, health care, and professional personnel including lawyers, accountants, doctors, nurses, brokers, financial consultants, advisors, consultants, companions, servants, and employees as my Agent deems appropriate.

(3) **Sign Documents and Incur Costs in Implementing the Agent's Instructions.** My Agent is authorized to sign, execute, endorse, seal, acknowledge, deliver, and file or record instruments and documents appropriate to effectuate the powers delegated herein; to incur costs on my behalf and to promptly pay such costs, and to expend my funds and to liquidate my property or to borrow money to produce such funds needed.

(4) **Power to Do Miscellaneous Acts.** My Agent is authorized to open, read, respond to, and redirect my mail; to represent me before the U.S. Postal Service; to establish, cancel, continue, or initiate my membership in organizations and associations; to take and give or deny custody of all of my important documents; to execute documents on my behalf; and to house or provide for housing, support, and maintenance of any animals that I may own or to transfer such animals to some person or persons willing to care for them.

## ARTICLE V

## THIRD PARTY RELIANCE

**Third Party Reliance.** For the purpose of inducing all persons and entities, including but not limited to any physician, hospital, nursing home, health care provider, bank, broker, custodian, insurer, lender, transfer agent, taxing authority, governmental agency, or other party to act in accordance with the instructions of my Agent as authorized in this instrument, I hereby represent, warrant, and agree that: i) if this instrument is revoked or amended for any reason, I and my estate will hold any person or entity harmless from any loss suffered, or liability incurred by such person in acting in accordance with the instructions of my Agent acting under this instrument prior to the receipt by such person of actual written notice of any such revocation or amendment; ii) the powers conferred on my Agent may be exercised by my Agent alone and my Agent's signature or act under the authority granted in this instrument may be accepted by persons as fully authorized by me; iii) no person who relies in good faith on the authority of my Agent under this instrument shall incur any liability to me; iv) no person who relies on any affidavit or certificate under penalties of perjury that this instrument specifically authorizes my Agent to execute and deliver to such person shall incur any liability to me; v) all persons from whom my Agent may request information regarding me are released from any legal liability whatsoever to me, my estate, or my personal representative for complying with my Agent's requests; and vi) I hereby authorize all physicians and psychiatrists who have treated me, and all other providers of health care, including hospitals, to release to my Agent all information or photocopies of any records which my Agent may request and I hereby waive all privileges which may be applicable to such information and records.

## ARTICLE VI

## RESTRICTION ON POWERS

**Restriction on Powers.** Notwithstanding any provision herein to the contrary, my Agent shall: i) have no power or authority whatsoever with respect to any interest in or incidents of ownership in any policy of insurance I may own on the life of my Agent; ii) have no power or authority whatsoever with respect to (a) any irrevocable trust created by my Agent as to which I am a trustee or a beneficiary, or (b) any asset given to me by my Agent; iii) be prohibited from (a) appointing, assigning, or designating any of my assets, interests, or rights directly or indirectly to my Agent, my Agent's estate, my Agent's creditors, or the creditors of my Agent's estate, (b) exercising any powers of appointment I may hold in favor of my Agent, my Agent's estate, my Agent's creditors, or the creditors of my Agent's estate, (c) disclaiming assets to which I would otherwise be entitled if the effect of such disclaimer is to pass assets directly or indirectly to my Agent or his or her estate, or (d) using my assets to discharge any of my Agent's legal obligations, including any obligation of support which my Agent may owe to others, excluding those whom I am legally obligated to support; iv) be prohibited from exercising any discretionary fiduciary powers that I now hold or may hereafter acquire; and v) avoid disrupting the dispositive provisions of any estate plan of mine known to my Agent.

## ARTICLE VII

## DURABILITY PROVISION

**Immediate Power.** This power of attorney shall not be affected by my subsequent disability or incapacity, or lapse of time.

(1) **Current Authorization for Agent to Obtain Health Care Information.** Notwithstanding any other provision in this Durable Power of Attorney to the contrary and effective immediately, I do hereby authorize all health care providers, including, but not limited to, hospitals, nursing homes, treatment facilities, and other covered entities, and all physicians, nurses, therapists, and other persons who may have provided in the past, or are currently providing, the undersigned with any type of medical, mental, or other types of health care, to disclose to my Agent, as my HIPAA personal representative, and any other successor HIPAA personal representative all information, medical information, psychiatric records, psychiatric notes, and other "protected health information" for the purpose of determining my capacity as defined in this powers of attorney, making health care decisions on my behalf, or as may be required or permitted by state law. The HIPAA personal representative may also give this authorization to substitute individuals to so act in addition to such HIPAA personal representative. This authorization is intended to provide my health care providers with the authorization necessary to allow each of them to disclose such general medical information and protected health information regarding me to the above designated agents. The information disclosed by any such health care provider pursuant to this authorization is subject to further disclosure and use by such designated agents and may thereafter no longer be protected by such privacy rules. This authorization shall remain in effect until the earlier of its revocation by me or my death.

# ARTICLE VIII

# ADMINISTRATIVE PROVISIONS

**Introduction.** The following provisions shall apply:

(1) **Reimbursement of Expenses but No Compensation for Agent.** My Agent shall not be entitled to compensation for services rendered hereunder but shall be entitled to reimbursement for all reasonable costs and expenses, including reasonable attorney's fees, actually incurred and paid by my Agent on my behalf at any time under any provision of this instrument.

(2) **Agent Accountability.** Unless requested by my family or a court, my Agent shall not be required to, but may, prepare, distribute, file with an appropriate court an annual accounting.

(3) **Nomination of Agent as Conservator and Guardian for Principal.** To the extent that I am permitted by law to do so, I herewith nominate and appoint my Agent to serve as my guardian, conservator and/or in any similar representative capacity, if such an appointment is necessary.

(4) **Waiver of Acts of Omission and Commission.** My Agent (and my Agent's estate and executor or administrator), acting in good faith, are hereby released and forever discharged from any and all civil liability and from all claims or demands of all kinds whatsoever by me or my estate and executor or administrator arising out of the acts or omissions of my Agent, except for willful misconduct or gross negligence.

(5) **Waiver of Duty to Produce Income, Authority for Transactions between Agent as Agent and Agent as Individual and Eligibility of Agent to Serve in Other Fiduciary Capacities for Principal.** My Agent shall have no responsibility to make my property productive of income, to increase the value of my estate or to diversify my investments. My Agent shall have no liability for entering into transactions authorized by this instrument with my Agent in my Agent's individual capacity as long as my Agent believes in good faith that such transactions are in my best interests or the best interests of my estate and those persons interested in my estate. My Agent shall be eligible to serve in all other fiduciary capacities, for me or my benefit (but not in my place where I may serve as a fiduciary for others), including but not limited to serving as Trustee, Guardian, Conservator, Committee, Executors or Administrators.

(6) **No Duty to Monitor Health.** My Agent shall have no responsibility to monitor on any regular basis the state of my physical health or mental capacity to determine if any actions need be taken under this instrument.

(7) **Severability.** If any part of any provision of this instrument shall be invalid or unenforceable under applicable law, such part shall be ineffective to the extent of such invalidity

only, without in any way affecting the remaining parts of such provision or the remaining provisions of this instrument.

(8) **This Instrument Unaffected by Lapse of Time.** This power of attorney shall be legally unaffected by reason of lapse of time or staleness.

(9) **Agent Authorized to Sign Power of Attorney Forms.** In carrying out the authorizations set forth in this instrument, if in the sole opinion of my Agent it is necessary or convenient for my agent to sign my name, as principal, on forms of powers of attorney (the "Forms") required by governmental agencies, corporations or other entities in transactions with me, my agent is authorized to execute such Forms, and to appoint an agent or other person on the Forms to represent.

(10) **Governing Law.** This instrument shall be governed by the laws of the Commonwealth of Pennsylvania in all respects.

(11) **Revocation and Amendment.** This instrument may be amended or revoked by me at any time by the execution by me of a written instrument of revocation or amendment delivered to my Agent and to all Alternate Agents.

(12) **Agent's Death, Incapacity, or Resignation and Selection of Substitute.** At any time after my incapacity, my Agent at any time may appoint a future successor Agent to act and serve as my Agent in the event that my Agent shall die or become mentally incapacitated or shall resign prior to my death, and my Agent at any time during my Agent's service as Agent may also revoke any such appointment theretofore made by my Agent, provided, however, that my Agent may not revoke, modify or supersede any appointment of a successor Agent made by me in this power of attorney. Any appointment made by my Agent shall be made in a written instrument that shall (i) specify the event or events on which such substitution shall become effective, (ii) be signed by my Agent, (iii) be delivered to my substitute Agent, and (iv) be attached to this instrument.

(13) **Counterpart Originals.** If this instrument has been executed in multiple counterpart originals, each such counterpart original shall have equal force and effect.

(14) **Photocopies.** My Agent is authorized to make photocopies of this instrument as frequently and in such quantity as my Agent shall deem appropriate. Each photocopy shall have the same force and effect as any original.

(15) **Binding Effect.** This instrument and actions taken by my Agent properly authorized hereunder shall be binding on me, my estate and my executor or administrator.

IN WITNESS WHEREOF, I have executed this Durable Power of Attorney on this the 15 day of JANUARY, 2018.

_____
GOLAN BARAK, PRINCIPAL

ACKNOWLEDGEMENT

COMMONWEALTH OF PENNSYLVANIA )
                             )
COUNTY OF ALLEGHENY          )

On this the 15 day of JANUARY, 2018, before me the undersigned officer, personally appeared **GOLAN BARAK** known to me (or satisfactorily proven) to be the person whose name is subscribed to the above instrument, and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Joseph Weinroth, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires Jan. 27, 2020
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

**WITNESSES**

We, the undersigned witnesses, hereby attest that the principal signed above, that we observed the principal make the signature above, and that we then signed our names below in the presence of the principal and in the presence of each other.

| | |
|---|---|
| Daisy A. Phillips | 5133 Rosecrest PL |
| (Signature of Witness) | (Witness' Address) |
| DAISY A. PHILLIPS | PGH, PA 15201 |
| (Printed Name of Witness) | (City, State, Zip Code) |
| 1-15-18 | 412 287-9538 |
| (Date) | (Phone Number) |
| Anthony Phillips Jr | 5133 ROSECREST PL |
| (Signature of Witness) | (Witness' Address) |
| ANTHONY PHILLIPS JR | PGH, PA 15201 |
| (Printed Name of Witness) | (City, State, Zip Code) |
| 1-15-18 | 412-287-9536 |
| (Date) | (Phone Number) |

ACKNOWLEDGEMENT

I, **LINDA GORDON**, THE NAMED AGENT, HAVE READ THE ATTACHED POWER OF ATTORNEY AND AM THE PERSON IDENTIFIED AS THE AGENT FOR THE PRINCIPAL. I HEREBY ACKNOWLEDGE THAT IN THE ABSENCE OF A SPECIFIC PROVISION TO THE CONTRARY IN THE POWER OF ATTORNEY OR IN 20 Pa. C.S., WHEN I ACT AS AGENT:

I SHALL ACT IN ACCORDANCE WITH THE PRINCIPAL'S REASONABLE EXPECTATIONS TO THE EXTENT ACTUALLY KNOWN BY ME AND, OTHERWISE, IN THE PRINCIPAL'S BEST INTEREST, ACT IN GOOD FAITH, AND ACT ONLY WITHIN THE SCOPE OF AUTHORITY GRANTED TO ME BY THE PRINCIPAL IN THE POWER OF ATTORNEY.

Date: 1/15/18

_Linda Gordon_

**LINDA GORDON**

COMMONWEALTH OF PENNSYLVANIA  )
                              )
COUNTY OF ALLEGHENY           )

On this the 15 day of JANUARY, 2018, before me the undersigned officer, personally appeared **LINDA GORDON** known to me (or satisfactorily proven) to be the person whose name is subscribed to the above instrument, and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My Commission Expires:

NOTARIAL SEAL
Joseph Weinroth, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires Jan. 27, 2020
MEMBER PENNSYLVANIA ASSOCIATION OF NOTARIES